The order, therefore, made at special term, must be affirmed, with ten dollars costs to the defendants.

# ROBB *a.* MACDONALD.

*New York Common Pleas ; General Term, March,* 1861.

## SECURITY FOR COSTS.—JURISDICTION OF NEW YORK COMMON PLEAS.

A resident of the State who is a party to an action in the New York Common Pleas, cannot be required to give security for costs on the ground that he is not a resident of the city and county of New York.

Since by the acts of 1840 and 1844 judgments of the New York Common Pleas may be docketed in any county, and executions issued therein, and such dockets

are declared under the control of that court,—a plaintiff resident within the State is to be deemed resident within the jurisdiction of the court, under the provisions of the statute relating to security for costs.

Appeal from an order requiring security for costs.

The plaintiff was a resident of the county of Kings, and the defendant on that ground obtained an order requiring him to file security for costs.

From this order the plaintiff appealed.

By the Court.—Hilton, J.—A plaintiff bringing an action in this court cannot, in my opinion, be regarded as residing beyond its jurisdiction when he lives within the reach of the final process, which the court may issue to enforce its judgment.

When the provisions of the Revised Statutes respecting security for costs (2 *Rev. Stat.*, 620, § 1) were enacted, this court possessed no power to issue or enforce its mesne or final process without the county of New York, except that the attendance of witnesses might be compelled by its subpœna, served in any county of the State. (*Ib.*, 276, § 1.) Its judgments were entered in the office of its clerk, and could only be enforced against the person or property of a party found within the county. (*Ib.*, 360, §§ 10, 11, 13; 363, §§ 1, 2.)

Its jurisdiction was thus limited, down to 1840, when, by the act of May 14 (*Laws of* 1840, 327, § 29), it was declared that all judgments thereafter recovered may be docketed in any other county in the State, with the like effect as to lien and otherwise, as is provided in relation to judgments in the Supreme Court; and in like manner an execution may be issued to the sheriff of any county in which the judgment is thus docketed. (§ 30.) In 1844, and, as it would seem, for the purpose of vesting the court with complete and ample power over its judgments, whenever docketed within the State, it was declared (*Laws of* 1844, 90, §§ 6, 7), that it should "have and possess the same jurisdiction and power concerning such dockets of its judgments kept by the several county clerks, which the Supreme Court possesses concerning the dockets of its judgments in the offices of its clerks; and may,

in the same cases, direct the amending and correcting of such dockets, and the docketing of judgments *nunc pro tunc* with said county clerks."

In the present case, it appears that the plaintiff is a resident of the county of Kings; and on that fact being shown by affidavit, the judge, at special term, acting in accordance with the long-existing practice of the court, originating prior to 1840, required the plaintiff to file security for the defendant's costs. From this order the plaintiff has appealed, and for the first time, as far as I have been able to ascertain, the question as to the effect of the laws of 1840 and 1844 has been brought before the general term for its consideration.

As the reason for this practice has long ago ceased to exist, I think the practice should likewise cease. (Hicks *a.* Payson, 7 *Abbotts' Pr.*, 326; *Code*, §§ 288, 289.)

The order appealed from should be reversed, but without costs.